# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

NATHAN SANDERS,

        Plaintiff,

        v.

COREY POTTER, *et al.*,

        Defendants.

Case No. 3:23-cv-00142 -KFR

## ORDER RE RENEWED MOTION FOR DEFAULT JUDGMENT

Before the Court is a Renewed Motion for Entry of Default Judgment ("Renewed Motion") filed by Plaintiff Nathan Sanders.[1] Plaintiff seeks default judgment against Defendant Corey Potter, who did not respond to the Renewed Motion. Upon review and consideration of the Renewed Motion, supporting evidence, and pleadings, the Court finds that it is appropriate to enter default judgment in Plaintiff's favor; the Motion is therefore **GRANTED**. The Clerk of Court is directed to enter judgment against Defendant Potter as detailed below.

### I.    BACKGROUND

In July 2023, Plaintiff filed this admiralty and maritime action against Defendants Potter, *in personam*; and the F/V Gambler ("Vessel"), her engines, machinery, appurtenances, and cargo, *in rem*.[2] In his operative complaint, Plaintiff alleges that he was hired by Defendant Potter to be the chief engineer of the Vessel from December 28, 2020 to January 29, 2021, "at which time he was terminated."[3] Plaintiff alleges that "[h]e was promised $300 per day for 33 days, or $9,900[,]" and that "[h]e was given no written contract and was not paid his full wages."[4] For relief, Plaintiff seeks an award of earned wages, double wage penalties under

---

[1] Docket 53.
[2] Docket 1.
[3] Docket 52 at 2, ¶ 7.
[4] *Id.*

Alaska law, and attorney's fees.[5]  In September 2023, Defendants, then represented by counsel, answered the Complaint.[6]

In March 2025, after defense counsel withdrew from the case and Defendant Potter failed to subsequently appear, the Clerk of Court entered default against Defendant Potter.[7] Plaintiff then filed a motion seeking default judgment against Defendant Potter.[8]  Plaintiff sought a total judgment of $32,876.40, as follows: (1) $4,980 in principal wages; (2) $27,000 in wage penalties; and (3) $896.40 in attorney's fees.[9]

In September 2025, the Court denied Plaintiff's initial motion for default judgment without prejudice.[10]  The Court determined that Plaintiff had not satisfied the standard governing a court's discretionary decision to enter a default judgment.  In particular, the Court reasoned, Plaintiff failed to establish that Defendant Potter had been served with process in this action.[11]  Moreover, the Court explained, Plaintiff's then-operative complaint lacked well-pleaded facts necessary to state a wage penalty claim.[12]  Because Plaintiff's request for default judgment was premised in large part on Plaintiff's wage penalty claim, the Court granted Plaintiff leave to amend his complaint and to renew his motion for default judgment upon any amendment of the complaint.[13]

Plaintiff timely filed his Amended Complaint and his Renewed Motion.[14]  The judgment requested in Plaintiff's Renewed Motion is identical to that requested in his initial motion for default judgment.[15]  In support of the Renewed Motion, Plaintiff filed declarations from himself and from Defendant Potter's former attorney of record.[16]

---

[5] *Id.* at ¶¶ 1–5.
[6] Docket 9.
[7] Docket 46; Docket 47.
[8] Docket 49.
[9] Docket 49-2.
[10] Docket 51.
[11] *Id.* at 3.
[12] *Id.* at 4–5.
[13] *Id.* at 5–6.
[14] Docket 52; Docket 53.
[15] Docket 53-1.
[16] Docket 54; Docket 55.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 establishes a two-step process for a plaintiff to obtain a default judgment. First, the clerk of court must enter the default if the defendant has failed to "plead or otherwise defend" in the case.[17] Second, after the clerk's entry of default and upon the plaintiff's request, a court may enter a default judgment on the merits of the case.[18]

In considering a request for default judgment, a court must first determine whether it has jurisdiction over the subject matter and the parties to the case.[19] If the court is satisfied that it has jurisdiction, it may then evaluate the merits of the default judgment request based on seven factors set forth by the Ninth Circuit in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[20]

A court's decision to enter a default judgment is discretionary.[21] Generally, after the clerk's entry of default, the plaintiff's well-pleaded factual allegations regarding liability are taken as true and the district court need not make "detailed findings of fact."[22] Nevertheless, a default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim.[23] Moreover, the plaintiff must prove damages by submitting "declarations and evidence establishing the right to relief[.]"[24]

## III. DISCUSSION

### A. Jurisdiction

---

[17] Fed. R. Civ. P. 55(a).
[18] Fed. R. Civ. P. 55(b).
[19] *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").
[20] 782 F.2d 1470, 1471–72 (9th Cir. 1986).
[21] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).
[22] *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).
[23] *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).
[24] L. Civ. R. 55.1(b)(2).

Order re Motion for Default Judgment
*Sanders v. Potter*
3:23-cv-00142-KFR
3
Case 3:23-cv-00142-KFR   Document 56   Filed 10/17/25   Page 3 of 9

The Court first addresses the threshold matter of jurisdiction. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333, which vests district courts with original jurisdiction over "any civil case of admiralty or maritime jurisdiction." In addition, the record establishes that the Court has personal jurisdiction over Defendant Potter. Defendant Potter was properly served with process in this action,[25] and he lives in the District of Alaska.[26]

### B. Default Judgment

The Court next addresses the propriety of Plaintiff's request for default judgment in light of the *Eitel* factors.

#### 1. Possibility of prejudice to Plaintiff

The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. In general, prejudice exists if denying default judgment would leave the plaintiff without a proper remedy.[27] Here, Defendant Potter has failed to defend this action.[28] Without a default judgment, Plaintiff will likely be unable to recover the wages that Defendant Potter failed to pay him. Such a result is unwarranted given the allegations in the Complaint, which the Court deems true.[29] The Court therefore concludes that Plaintiff would suffer prejudice if a default judgment were not entered. Accordingly, the first *Eitel* factor weighs in Plaintiff's favor.

#### 2. Substantive merit of Plaintiff's claims and sufficiency of the complaint

The second and third *Eitel* factors assess the substantive merit of a plaintiff's claims and the sufficiency of their complaint. These two factors, which are often analyzed together,

---

[25] Docket 55; *see also* Fed. R. Civ. P. 4(k).

[26] Docket 62 at 1, ¶ 4; *see also Picot v. Weston*, 870 F.3d 1206, 1211 (9th Cir. 2015) ("Due process requires that the defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" (internal quotation marks omitted) (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemp. Comp. & Placement*, 326 U.S. 310, 316 (1945))).

[27] *See, e.g.*, *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Aspen Am. Ins. v. Morrow*, 643 F. Supp. 3d 941, 948 (D. Alaska 2022).

[28] *See* Docket 46.

[29] *See Fair Hous. of Marin*, 285 F.3d at 906.

"require that a plaintiff state a claim on which [they] may recover."[30] On a motion for default judgment, pleading requirements are "enforced strictly," even when evidence outside the pleadings makes clear that a plaintiff can state a claim.[31] Thus, the allegations in the complaint must be well-pleaded and non-conclusory, and those allegations alone must establish a right to relief.[32]

Here, Plaintiff has adequately stated claims for unpaid wages and wage penalties. Plaintiff alleges that Defendant Potter was not paid his full wages for the work Plaintiff performed on the Vessel between December 2020 and January 2021, despite the parties' agreement that Plaintiff would earn a wage of $300 per day for his labor.[33] Plaintiff also alleges that his employment was terminated in January 2021.[34] Based on these allegations, Plaintiff may recover his earned wages as well as wage penalties under Alaska Statute § 23.05.140(d), which authorizes such penalties if an employer fails to timely pay a terminated employee their wages.[35] Accordingly, the second and third *Eitel* factors weigh in Plaintiff's favor.

### 3. Amount at stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct."[36] A court must assess whether the recovery sought

---

[30] *See PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that pertinent issue is whether complaint's allegations state a claim upon which plaintiff can recover).

[31] *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988); *see also Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1183 (W.D. Wash. 2022) (citing *Love v. Mustafa*, No. 20-CV-02071PJHAGT, 2021 WL 7286006, at *1 (N.D. Cal. Feb. 4, 2021) (citing *Danning*, 572 F.2d at 1388), *report and recommendation adopted*, No. 20-CV-02071PJHAGT, 2021 WL 7287626 (N.D. Cal. Feb. 8, 2021)).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007))); *DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (holding that, for purposes of default judgment, a defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citations omitted)).

[33] Docket 52 at 2, ¶ 7.

[34] *Id.*

[35] ALASKA STAT. § 23.05.140(b), (d); *see also Quinn v. Alaska State Emps. Ass'n/AFSCME*, 944 P.2d 468, 473 (Alaska 1997) ("[U]nder AS 23.05.140(d), [a plaintiff] may be entitled to receive a penalty not to exceed his regular wage for ninety days.").

[36] *PepsiCo*, 238 F. Supp. 2d at 1176.

Order re Motion for Default Judgment
*Sanders v. Potter*
3:23-cv-00142-KFR
5
Case 3:23-cv-00142-KFR    Document 56    Filed 10/17/25    Page 5 of 9

is proportional to the harm caused by the defendant's conduct.[37] Here, Plaintiff seeks $4,980 in principal wages, $27,000 in wage penalties, and $896.40 in attorney's fees.[38] In light of Defendant Potter's conduct as alleged in the Amended Complaint, the fourth *Eitel* factor weighs in Plaintiff's favor.

### 4. Possibility of dispute concerning material facts

The fifth *Eitel* factor considers the possibility that material facts may be in dispute. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages."[39] Although Defendant Potter—when he was represented by counsel—filed an answer denying certain allegations in Plaintiff's initial complaint,[40] Defendant Potter has subsequently made no attempt to defend this action. Moreover, Plaintiff has provided a declaration substantiating the allegations in the Amended Complaint.[41] Under these circumstances, "no genuine dispute of material facts would preclude" the entry of default judgment,[42] and the fifth *Eitel* factor weighs in favor of Plaintiff.

### 5. Possibility of excusable neglect

The sixth *Eitel* factor evaluates whether the defendant's default may have been the product of excusable neglect. Here, the possibility of excusable neglect is remote. Defendant Potter paid Plaintiff only part of his earned wages.[43] Defendant Potter was served with process and initially retained an attorney to represent him in this matter, but Defendant Potter's attorney later withdrew from the case, citing a lack of communication from his client.[44] Following the withdrawal of his former attorney, Defendant Potter failed to communicate with Plaintiff or the Court regarding this case, even after the U.S. Marshals Service personally served

---

[37] *See Walters v. Statewide Concrete Barrier, Inc.*, No. C 04–2559 JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted").
[38] Docket 53-1.
[39] *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)).
[40] Docket 9.
[41] Docket 54.
[42] *PepsiCo*, 238 F. Supp. 2d at 1177.
[43] Docket 52 at 2, ¶ 7.
[44] Docket 30; Docket 31.

Order re Motion for Default Judgment
*Sanders v. Potter*
3:23-cv-00142-KFR

6

Defendant Potter with copies of the Court's orders and other filings in this case prior to the Clerk of Court's entry of default.[45] Given these facts, there is little chance that Defendant's default was the result of excusable neglect. Thus, the sixth *Eitel* factor weighs in favor of Plaintiff.

### 6. Policy for deciding cases on the merits

The last *Eitel* factor examines whether the policy of deciding a case based on the merits precludes entry of default judgment. In *Eitel*, the Ninth Circuit advised that "[c]ases should be decided upon their merits whenever reasonably possible."[46] The existence of Federal Rule of Civil Procedure 55(b), however, indicates that "this preference, standing alone, is not dispositive."[47] Moreover, "deciding the case on the merits is impossible where a party refuses to participate."[48] Because Defendant Potter has effectively declined to participate in this action for the past year,[49] the last *Eitel* factor does not preclude the entry of default judgment against him.

### 7. Summary

Aside from the policy of deciding cases on the merits, all of the *Eitel* factors weigh in favor of granting the Motion. As a result, the Court concludes that it is appropriate to enter default judgment against Defendant Potter.

### C. Requested Relief

The Court now turns to the propriety of Plaintiff's requested relief: (1) $4,980 in principal wages; (2) $27,000 in wage penalties; and (3) $896.40 in attorney's fees.[50]

The Court first grants Plaintiff's request for an award of unpaid wages that Plaintiff earned for his work on the Vessel between December 28, 2020 and January 20, 2021. The evidence shows that Plaintiff worked a total of 24 days on the Vessel, that he was promised a

---

[45] Docket 45; Docket 46.
[46] *Eitel*, 782 F.2d at 1472.
[47] *PepsiCo*, 238 F. Supp. 2d at 1177 (internal quotation marks and citation omitted).
[48] *Vietnam Reform Party v. Viet Tan – Vietnam Reform Party*, 416 F. Supp. 3d 948, 970 (N.D. Cal. 2019).
[49] *See* Docket 46.
[50] Docket 53-1.

wage of $300 per day, and that he was paid $4,020 for his labor.[51] By the Court's calculation, Plaintiff is thus entitled to $3,180, rather than the $4,980 requested. The Court finds such an award to be reasonable and supported by the record.

The Court likewise grants Plaintiff's request for an award of $27,000 in wage penalties,[52] and for an award of attorney's fees on this portion of the judgment. Plaintiff seeks attorney's fees under Alaska Rule of Civil Procedure 82, which provides for an award of attorney's fees to the prevailing party in a civil case who recovers a money judgment.[53] Because Plaintiff has obtained judgment against Defendant Potter on his state law wage penalty claim, Plaintiff may recover attorney's fees on the $27,000 the Court awards him for that claim.[54] Because this matter was not contested, attorney's fees under Rule 82 are 10% of the first $25,000 awarded for Plaintiff's state law claim, and 3% of the remaining $2,000 awarded for that claim.[55] Thus, the Court awards Plaintiff $2,560 in attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Renewed Motion for Default Judgment at Docket 53 and **ORDERS** that judgment be entered as follows:

Plaintiff shall recover from Defendant Potter the following amounts:

- $3,180 in unpaid wages;
- $27,000 in wage penalties pursuant to Alaska Statute § 23.05.140; and

---

[51] Docket 54.
[52] *See* ALASKA STAT. § 23.05.140(d) (providing for a "penalty in the amount of the employee's regular wage, salary, or other compensation from the time of demand to the time of payment, or for 90 working days, whichever is the lesser amount"); *Hallam v. Holland Am. Line*, 27 P.3d 751, 756 (Alaska 2001) (citing *Klondike Indus. Corp. v. Gibson*, 741 P.2d 1161, 1171 (Alaska 1987) (noting that decision to award wage penalties is "within the sound discretion of the trial court").
[53] Docket 53-1 at 2; Alaska R. Civ. P. 82(b)(1) (setting forth sliding scale for award).
[54] *See Bodo v. Angasan*, No 3:23-cv-00035-SLG, Docket 75 at 7–8. Because Plaintiff has not demonstrated that he is entitled to attorney's fees on any other portion of the judgment, the Court limits its award accordingly. *See Haney*, 794 F. App'x at 584 ("Attorneys' fees are not awarded as a matter of course in admiralty claims; instead, they are awarded, if at all, 'when the shipowner acted arbitrarily, recalcitrantly, or unreasonably.'" (quoting *Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 635 (9th Cir. 2002))); *Trs. of the Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000) ("The burden of establishing entitlement to an attorneys' fees award lies solely with the claimant." (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983))).
[55] Alaska R. Civ. P. 82(b)(1).

Order re Motion for Default Judgment
*Sanders v. Potter*
3:23-cv-00142-KFR
8
Case 3:23-cv-00142-KFR    Document 56    Filed 10/17/25    Page 8 of 9

- $2,560 in attorney's fees pursuant to Alaska Rule of Civil Procedure 82.

The Clerk of Court shall enter judgment accordingly.

DATED this 17th day of October, 2025, at Anchorage, Alaska.

/s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

Order re Motion for Default Judgment
*Sanders v. Potter*
3:23-cv-00142-KFR
9
Case 3:23-cv-00142-KFR   Document 56   Filed 10/17/25   Page 9 of 9